# In the United States Court of Federal Claims

No. 13-1026T

(Filed: February 22, 2016)

* * * * * * * * * * * * * * * * * * * *

PETER B. MCALLISTER and
JENNIFER C. MCALLISTER,

        *Plaintiffs*,

v.

THE UNITED STATES,

        *Defendant.*

* * * * * * * * * * * * * * * * * * * *

Tax refund; motion for summary judgment; carryback of net operating loss; 26 U.S.C. § 172(b)(1)(H); financial disability; 26 U.S.C. § 6511(h)

*James S. DelSordo*, Manassas, VA, for plaintiffs.

*Matthew Douglas Lucey*, Department of Justice, Tax Division, Court of Federal Claims Section, with whom were *Caroline D. Ciraolo,* Acting Assistant Attorney General, *David I. Pincus*, Chief, Court of Federal Claims Section, and *G. Robson Stewart*, Assistant Chief, Court of Federal Claims Section, for defendant.

_____

OPINION

_____

BRUGGINK, *Judge.*

This a suit for refund of federal income tax. Plaintiffs Peter B. McAllister and Jennifer C. McAllister ("the McAllisters" or "plaintiffs") seek a refund of $175,013 for the 2005 tax year resulting from an attempted carryback of a net operating loss ("NOL") from the 2009 tax year. Pending is defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), or, in the alternative, its motion for summary judgment pursuant to RCFC 56. The motion is fully

briefed. Oral argument was held on February 17, 2016. For the reasons stated below, we deny defendant's motion to dismiss for lack of jurisdiction, we deny as moot defendant's motion to dismiss pursuant to RCFC 12(b)(6), and we grant defendant's motion for summary judgment.

BACKGROUND[1]

The McAllisters are a married couple who jointly own several real estate development, construction, and management businesses. During the 2009 tax period, several of these businesses endured financial reversals which resulted in net operating losses.

The American Recovery and Reinvestment Act of 2009 ("ARRA"), 26 U.S.C. § 172(b)(1)(H), permitted small business owners to carry back operating losses in 2009 for up to five years, three years more than otherwise would have been permissible. *See* 26 U.S.C. § 172(b)(1)(A) (2012) (providing the general rule that a net operating loss may be carried back two years prior to the year of the loss). In plaintiffs' case, this would have allowed the McAllisters to carry back the 2009 NOLs to the 2005 tax year, resulting in a reduction in their 2009 liability of $175,013. The Act provided, however, that "[a]ny election under this subparagraph shall be made . . . by the due date (including extension of time) for filing the taxpayer's return *for the taxable year* of the net operating loss [i.e., 2009, not 2005]." American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, 123 Stat. 115, *repealed by* Tax Increase Prevention Act of 2014, Pub. L. No. 113-295, § 221, 128 Stat. 4010, 4041. Therefore, the McAllisters' election had to be made by the due date for filing their 2009 return, which initially was April 15, 2010 but was subsequently extended to October 15, 2010.  *See* 26 U.S.C. § 6072 (2012) (imposing an April 15 due date for all tax returns); § 6081 (allowing "reasonable" extensions of time of up to six months).

Plaintiffs filed their Form 1040X amended tax return for the tax year 2005 on January 24, 2011. Def.'s App. 1. The purpose of the amended return was to carry back plaintiffs' 2009 NOL to 2005 pursuant to the ARRA. On March 10, 2011, the Internal Revenue Service ("IRS") sent plaintiffs a letter

---

[1] Defendant attached to its dispositive motion numerous exhibits. Because we considered them in our ruling, we proceed under RCFC 56, not RCFC 12(b)(6).

2

with respect to their 2005 tax year informing them that their attempt to carry back 2009 losses to 2005 could not be processed because they had not yet filed their 2009 tax return, which also meant they had not made an Election to Extend the Carryback Years by the due date for filing the 2009 return as required by section 172(b)(1)(H). According to the letter, this election needed to have been received by October 15, 2010, plaintiffs' extended due date for filing their 2009 return. The IRS stated that the 2009 carryback therefore could only be carried back the normal two years, to 2007, not the four years plaintiffs sought pursuant to section 172(b)(1)(H).

Plaintiffs' 2009 Form 1040 tax return was filed later, on October 12, 2011, after the October 15, 2010 due date. *Id.* at 6. This return included the election, under section 172(b)(1)(H), to carry back the NOL four years. *Id.* at 17. The IRS sent plaintiffs a notice of disallowance for the carryback on December 30, 2011, which informed plaintiffs that the claim could not be allowed because the election to carryback the NOL was not made by the due date for filing the 2009 return as required by section 172(b)(1)(H). *Id.* at 19.

Plaintiffs appealed this decision to the IRS on January 16, 2013. This appeal was denied on September 20, 2013. Plaintiffs subsequently filed in this court, claiming that their carryback election was timely made because, plaintiffs were financially disabled during the period of 2009 through 2010, which they contend allows a tolling for filing their 2009 return within the terms of 26 U.S.C. § 6511(h).

DISCUSSION

Defendant argues that plaintiffs are barred from carrying back the net operating loss from 2009 to 2005 because the election to carry back was made on a late-filed 2009 tax return. It contends that the financial disability exception of section 6511(h) does not apply to the special provision under which plaintiffs attempt to carry back their loss. Rather, section 6511(h) explicitly applies only to toll the limitations periods specified in subsections (a), (b), and (c) of section 6511, none of which apply to plaintiffs' return.

Plaintiffs contend that the tolling provided by section 6511(h) applies to the special provision under which plaintiffs attempt to carry back their loss, and that they were financially disabled because they were "unable to manage [their] financial affairs by reason of a medically determinable physical or mental impairment" during 2009 and 2010. § 6511(h). As support for their

claim of financial disability, plaintiffs had initially detailed their alleged financial disability in an attachment to their 1040X amended return for the year 2005. Def.'s App. 3. The attachment explained that Mr. McAllister handles the operations of their businesses, while Mrs. McAllister handles the accounting, bookkeeping, and finances. *Id.* It further noted that during 2009 and 2010, taxpayers "were not able to attend to their respective functions" because Mr. McAllister suffered from recurring eye illness and other conditions throughout those years, and Mrs. McAllister suffered from debilitating symptoms which were eventually diagnosed as a tumor of the neck. *Id.*

Plaintiffs argue in the alternative that their election actually was timely because their amended 2005 tax return, which sought to take advantage of the special carryback provision of 172(b)(1)(H), was timely.

This court has subject matter jurisdiction over claims for the "recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1) (2012). As a prerequisite to maintaining a claim in this court, plaintiffs must have filed a timely claim for refund with the Internal Revenue Service. 26 U.S.C. § 7422(a) (2012). A claim for refund is ordinarily timely if it is filed within three years of the date of the filing of the tax return or within two years of the date of the payment of the tax. *Id.* § 6511(a). If the basis for a refund is an NOL carryback (as it was here), the time period for filing the refund claim is three years from the due date for the return for the taxable year in which the NOL arose. *Id.* § 6511(d).

As defendant points out, there are two separate time periods at play: the period of limitations for filing a refund claim under section 6511, and the time within which the NOL carryback election must be made. Defendant contends that the period of limitations for filing a refund claim under 6511 is irrelevant to the dispute. Rather, the election for the NOL carryback provided in section 172(b)(1)(H) is clearly spelled out in the statute as being the time period for filing a timely return for the year in which the loss is incurred, i.e., 2009. Section 6511(h) does not operate to remedy this failure, as it only applies to subsections (a) through (c) of section 6511. We agree.

We have jurisdiction over the 2005 refund claim because it was timely

filed.[2] The real question is whether plaintiffs are entitled to carry back the 2009 NOL, which in turn, depends on whether the election was timely made.

The carryback provision of section 172(b)(1)(H) provides that in order to take advantage of the carryback, the election "shall be made in such manner as may be prescribed by the Secretary, and shall be made by the due date (including extension of time) for filing the taxpayer's return for the taxable year of the net operating loss." *Id.* § 172(b)(1)(H). Revenue Procedure 2009-52 restates that the due date is the time for filing the tax return for the taxable year of the NOL. *See* Rev. Proc. 2009-52, 2009-49 I.R.B. 744. In plaintiffs' case, the due date for filing their 2009 tax return was October 15, 2010. Accordingly, the due date for electing the NOL carryback was this same date. Their 2009 tax return, however, including the election to carryback, was filed a year later, and was therefore untimely.

Plaintiffs cannot rely on the tolling provision of section 6511(h). This subsection provides that "the running of the periods specified in subsections (a), (b), and (c) shall be suspended during any period of such individual's life that such individual is financially disabled." § 6511(h). We decline to extend the tolling provisions beyond what Congress clearly specified. Therefore, contrary to plaintiffs' argument, it cannot be applied to section 172(b)(1)(H).

As a result, it is unnecessary to determine whether plaintiffs met the requirements of section 6511(h). Accordingly, we deny defendant's motion to dismiss for lack of jurisdiction and its motion to dismiss pursuant to RCFC 12(b)(6). However, its motion for summary judgment is granted. The clerk is directed to enter judgment for the governmment. No costs.

s/Eric G. Bruggink

---

[2] As we stated earlier, this court has jurisdiction over a timely filed refund claim. *Id.* § 7422(a). Where the basis for a refund is an NOL carryback, the time period for filing the refund claim is three years from the due date for the return for the taxable year in which the NOL arose. *Id.* § 6511(d)(2)(A). Plaintiffs' 2009 tax return was due by October 15, 2010. Their claim for a refund was filed in January of 2011, which is less than three years later. Neither party disputes this. As a result, there is no jurisdictional defect which bars plaintiffs' claim.

Eric G. Bruggink
Judge